IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

NORMAN ALAN KERR,              )
                               )
            Petitioner,        )
                               )   1:22CV194
       v.                      )   1:09CR290-1
                               )
UNITED STATES OF AMERICA,      )
                               )
            Respondent.        )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Norman Alan Kerr, a federal prisoner, was convicted in this Court of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). He ultimately received a sentence of 268 months of imprisonment based partly on his status as an Armed Career Criminal under § 924(e) as established by three prior convictions for breaking and entering. (Presentence Report [Doc. #194], ¶ 42.) Petitioner previously challenged his conviction and sentence through a Motion [Doc. #150] to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (1:14CV1094), which was denied. (See Order and Recommendation [Doc. #171]; Order and Judgment [Doc. #188, #189].) That prior Recommendation [Doc. #171] sets out the procedural history of the case and the evidence presented at trial. The District Judge entered an Order that adopted the Recommendation and also denied as baseless Petitioner's additional claim challenging his sentence as an Armed Career Criminal under 18 U.S.C. § 924(e) [Doc. #181, #188].

More recently, Petitioner filed a document he titled as a "Petition for a Claim of Actual Innocence of § 924(e) and § 922(g)(1) Pursuant to Recent SCT Ruling held in 'Wooden v. US' citing procedure Fed. R. Crim P 51(b) held in Holquin-Hernandez v. U.S." [Doc. #224] and a related Memorandum [Doc. #227], raising a challenge to his status as an Armed Career Criminal based on the decision of the United States Supreme Court in United States v. Wooden, 595 U.S. 360 (2022). That case interpreted the meaning of the phrase "on occasions different from one another" as used in § 924(e)(1), which requires three previous convictions for violent felonies or serious drug offenses committed on occasions different from one another for the enhanced Armed Career Criminal penalty found in that statute to apply. Petitioner argues that, following Wooden, it is clear that the three predicate offenses used to sentence him as an Armed Career Criminal were not committed on occasions different from one another.

There is no separate action or motion based on a claim of actual innocence, and Fed. R. Crim. P. 51(b) only provides a way for a party to preserve an error for direct appeal. It does not pertain to any action for post-conviction relief. Instead, the usual route for such relief is a motion under § 2255. Therefore, the Court construed Petitioner's filing as such a motion for screening purposes.

On screening review, the Court concluded that the Motion would constitute a second or successive § 2255 motion which Petitioner could not file in this Court without first receiving permission for that filing from the United States Court of Appeals for the Fourth Circuit as required by 28 U.S.C. § 2255 and 28 U.S.C. § 2244. In fact, Petitioner has now twice sought

2

such permission after filing his current Motion, and the Fourth Circuit has twice denied it. (See Order [Doc. #229]; Order [Doc. #258].) In his filings, Petitioner continues to insist that he can file under § 2255 because his filing does not count as a second or successive filing given that it is based on a change in law that occurred after his initial § 2255 Motion was decided. In fact, he filed a Motion for Reconsideration [Doc. #232] seeking reconsideration of the Order [Doc. #230] treating his filing as successive, and a Motion [Doc. #233] seeking to Amend the Motion for Reconsideration. However, Petitioner is incorrect that his claim is not a second or successive § 2255 motion. Where a petitioner has already filed a first § 2255 motion which was denied and seeks to file a second motion based on a subsequent change in law, the filing is a second or successive motion for which permission is required. Such is the case here with Petitioner's claim under Wooden. Therefore, as already explained to Petitioner, his filing cannot be considered by this Court under § 2255 unless and until he receives that permission. Although Petitioner's Motion to Amend his Motion for Reconsideration will be granted and the arguments considered, the Motion for Reconsideration will be denied, as there is no basis to reconsider the prior Order.[1]

---

[1] It is possible that that Motion for Reconsideration was intended to be objections to the briefing Order [Doc. #230], although the filing is specifically styled as a Motion for Reconsideration rather than Objections. To the extent the filing was intended as Objections, Petitioner's contentions can be considered by the District Judge in addressing the present Recommendation. In addition, the Court also notes that in the Motion for Reconsideration, Petitioner also raises a new contention, arguing that his challenge to his Armed Career Criminal enhancement was previously raised in his prior § 2255 proceeding but not ruled upon. However, the Recommendation addressing his prior § 2255 Motion specifically addressed his arguments related to his Armed Career Criminal enhancement. (Recommendation [Doc. #171] at 17-18.) In addition, as noted above, Petitioner raised contentions in a later Motion to Amend [Doc. #181] after the Recommendation was entered but prior to the District Judge's Order and Judgment, seeking to add a claim to the § 2255 Motion, arguing that his prior convictions were not separate violent felony offenses occurring on occasions different from one another. The District Judge specifically concluded that the claim Petitioner was seeking to add was baseless [Doc. #188 at 3]. Thus, all of Petitioner's claims were addressed and denied in his prior § 2255 proceeding.

Normally, a conclusion that a filing constitutes a second or successive § 2255 motion would result in the dismissal of that motion without prejudice to a petitioner seeking and receiving permission to file it. However, in this case, the Court noted when Petitioner initially filed that it was possible that he could proceed under the "saving clause" of § 2255 and file his claim under 28 U.S.C. § 2241 because a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is inadequate or ineffective. See 28 U.S.C. § 2255; In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). At the time, such filings could be made "when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect." United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018). Therefore, the Court ordered that the Government respond to Petitioner's claim by addressing whether he could meet the requirements of the savings clause and obtain relief under § 2241.

The Government filed its Response [Doc. #243] and opposed relief on several grounds. First, it argued that venue was not proper in this District for a filing under § 2241. Second, the Government also argued that even after Wooden, Petitioner's predicate convictions were still committed on occasions separate from one another because, even though they were all burglaries occurring on the same date, they occurred at three separate

4

locations/addresses.² The Government noted that, in contrast, all of the predicate convictions in Wooden occurred on a single date at a single location as burglaries of adjacent storage units. See also United States v. Thompson, 2023 WL 4459604 (M.D.N.C. July 11, 2023) (rejecting contention that Wooden would lead to a different result , where "the sentencing court and the Fourth Circuit on direct appeal applied a multi-factored approach and explicitly considered two of the factors enumerated by the Supreme Court in Wooden, timing and proximity of location. The burglaries occurred close in time, but they involved different victims at different locations. And, unlike the defendant in Wooden, [the Defendant] had time in between the crimes to evaluate his decisions such that he did not engage 'in an uninterrupted course of conduct.' Wooden, 142 S. Ct. at 1071."). Finally, the Government also pointed to a case then pending before the Supreme Court, Jones v. Hendrix, No. 21-857, in which the Supreme Court was expected to resolve a circuit split regarding the use of § 2241 and the saving clause of § 2255.

Subsequent to the briefing in this case, the Supreme Court decided Hendrix in a way fatal to any claim Petitioner could have raised under § 2241. Jones v. Hendrix, 599 U.S. 465 (2023). Specifically, the Supreme Court in Hendrix addressed the question of whether a petitioner could use § 2255's saving clause and § 2241 to raise a post-conviction challenge based on a change in law involving the interpretation of a statute if the change occurred after the petitioner's first § 2255 motion but did not satisfy the standards of § 2255(h) to allow the

---

² The prior state court charging documents and other judicial records, reflecting three different victims and 3 different locations, were filed in April 2012 and May 2012 in connection with the sentencing hearing [Doc. #92-1, #92-2, #92-3, #92-4, #118, #119].

5

petitioner to file a second or successive motion under § 2255. In Hendrix, the Supreme Court clearly held that the saving clause and § 2241 could not be used for this purpose, noting that "Section 2255(h) specifies the two limited conditions in which Congress has permitted federal prisoners to bring second or successive collateral attacks on their sentences.[3] The inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all. Congress has chosen finality over error correction in his case." Id. at 480. So it is in Petitioner's case. Following Hendrix, courts in this Circuit have held that Jones and Wheeler were overruled or abrogated by Hendrix, and that a petitioner may not use § 2241 to bring a Wooden claim, even if the petitioner is precluded from bringing the claim under § 2255 because it is barred as a second or successive claim. See, e.g., Thompson v. Streeval, 2023 WL 8437645 (W.D. Va. Dec. 5, 2023); see also Barrie v. United States, 1:22cv302, 2023 WL 5044977, at *2-3 (E.D. Va., Aug. 8 2023) (unpublished). The decision in Hendrix likewise controls here. Like the petitioner in Hendrix, Petitioner here cannot raise his statutory interpretation claim under the saving clause and § 2241. Therefore, he cannot bring it at all absent permission from the Fourth Circuit to file a successive § 2255 motion, which he does not have. Therefore, this action should not be considered under § 2241, it should be treated

---

[3] Specifically, "second or successive § 2255 motions are barred unless they rely on either 'newly discovered evidence,' § 2255(h)(1), or 'a new rule of constitutional law,' § 2255(h)(2). A federal prisoner may not, therefore, file a second or successive § 2255 motion based solely on a more favorable interpretation of statutory law adopted after his conviction became final and his initial § 2255 motion was resolved." Hendrix, 599 U.S. at 469.

6

as a second or successive Motion under § 2255, and it should be dismissed for a lack of jurisdiction to hear the claim raised by Petitioner.

Also pending on the docket is a "Motion in Traverse of Governments Response" [Doc. #246] in which Petitioner seeks to counter the Government's arguments against his claim. This is really just a Reply to the Response, rather than a proper motion. However, the Court will grant the Motion to the extent that the arguments therein are considered, none of which affect the analysis just set out above.

Petitioner also filed a Motion [Doc. #252] seeking to file a petition for audita querela under the All Writs Act, 28 U.S.C. § 1651 in order to raise his claim under not only Wooden, but also New York State Rifle and Pistol Association, Inc. v. Bruen, 597 U.S. 1 (2022). The All Writs Act, 28 U.S.C. § 1651, is an extraordinary remedy that is available, if at all, only to the extent necessary to fill a gap in the post-conviction remedial scheme. See United States v. Miller, 599 F.3d 484, 487-88 (5th Cir. 2010). A motion under § 1651 cannot be used to avoid the requirements of the post-conviction remedial scheme in 28 U.S.C. § 2255 and § 2241. See In re Moore, 487 F. App'x 109 (4th Cir. 2012) (unpublished) ("A writ of audita querela is not available to a petitioner when other avenues of relief are available, such as a motion to vacate under § 2255. . . . The fact that Moore cannot proceed under § 2255 unless he obtains authorization from [the Fourth Circuit] to file a successive motion does not alter this conclusion."). A challenge to the original judgment in a criminal case by a defendant in custody, which is what Petitioner seeks to bring, must be raised, if at all, pursuant to the remedial scheme set out in 28 U.S.C. § 2255 and § 2241. Therefore, Petitioner's Motion to

7

proceed using a petition for audita querela should be denied as a further attempt at filing a second or successive motion under § 2255 for which he must first receive permission from the Fourth Circuit.

IT IS THEREFORE ORDERED that Petitioner's Motion to Amend [Doc. #233] is granted and that his Motion [Doc. #246] seeking to reply to the Government's Response is granted, to the extent that the arguments in the filings have been considered by the Court.

IT IS ORDERED that Petitioner's Motion for Reconsideration [Doc. #232] is denied, and that to the extent that filing was intended as Objections to the Court's prior Order [Doc. #230], the Objections can be considered by the District Judge in addressing the present Recommendation.

IT IS RECOMMENDED that Petitioner's "Petition for a Claim of Actual Innocence of §§ 924(e) and 922(g)(1) Pursuant to Recent SCT Ruling held in 'Wooden v. US' citing procedure Fed. R. Crim P 51(b) held in Holquin-Hernandez v. U.S." [Doc. #224] and Motion [Doc. #252] seeking to file a petition for a writ of audita querela be treated as second or successive filings under § 2255 and dismissed for failure to obtain certification from the Court of Appeals as required by 28 U.S.C. §§ 2255 and 2244 and Fourth Circuit Local Rule 22(d).

This, the 10th day of June, 2024.

                                                /s/ Joi Elizabeth Peake
                                                United States Magistrate Judge